

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 30, 1970

Honorable Sam Kelley
Consumer Credit Commissioner
1011 San Jacinto
P. O. Box 2107
Austin, Texas   78767

Opinion No. M-766

Re: Whether a certain plan of payment to discharge prior debts of a client by intercession of a certain credit counseling service between the client and his debtors and creditors is in violation of Article 5069-9.02, V.C.S.

Dear Mr. Kelley:

In your recent letter you request this office to render an opinion on whether the contract of Credit Counseling of Houston, Texas, violates Article 5069-9.02, Vernon's Civil Statutes.

Article 5069-9.02 prohibits debt pooling contracts and provides that such contracts shall be void and of no effect. A debt pooling contract is defined in the following manner in Article 5069-9.02:

> "(1)  Except as provided in Article 9.03 nothing herein shall be construed to permit any debt pooling contracts wherein a contract is entered into by any person with a debtor by the terms of which contract the debtor agrees to deposit periodically or otherwise with such person a specified sum of money and said person agrees to distribute said sums of money among creditors of the debtor, for which service the debtor agrees to pay a valuable consideration.

> "(2)  Any such contract as described herein shall be void and of no effect."  (Emphasis added).

Article 5069-9.03 further provides as follows:

> "The provisions of Article 9.02 shall not apply to:
> (a)  Any bank, savings and loan association, trust company or credit union doing business under the

> laws of this State or of the United States;
> (b)   Any attorney at law;
> (c)   Any judicial officer or other person acting under the orders of a court of this State or of the United States;
> (d)   Any agency, instrumentality or subdivision of this State or of the United States;
> (e)   Any retail merchants association or nonprofit trade association formed for the purpose of collecting accounts and exchanging credit information; and
> (f)   Any non-profit organization providing debt-counseling services to citizens of this State."

Article 5069-9.04 further provides as follows:

> "Any person violating Article 9.02 shall be guilty of a misdemeanor, and upon conviction shall be fined not less than One Hundred Dollars nor more than Five Hundred Dollars for each conviction.  Each act of debt pooling as defined in Article 9.02 shall constitute a separate offense."

The rules of construction applicable to Article 5069-9.01, et seq, are set out by Article 5069-50.01.  Therein it is provided, in part, that:

> "Unless specifically altered by this Act or unless the context requires otherwise, the provisions of Article 10, 11, 12, 14, 22, and 23, Revised Civil Statutes of Texas, 1925,. . . apply to this Act."

Article 10 contains the general rule of construction of laws. Sections 6 and 8 thereof are particularly relevant here and it is our opinion that we must construe Article 5069-9.01, et seq, more liberally than would ordinarily be the case where misdemeanor penalties are provided.

With these principles in mind it is clear from a reading of the statute that the Legislature intended to prohibit debt pooling contracts wherein a debtor, by contract, becomes obligated to deposit with a person, periodically or otherwise, specified sums

of money, and that person agrees to distribute said sums of money among the creditors of the debtor, and the debtor further agrees to pay valuable consideration for the service, except where this service is provided by one of the persons expressly enumerated in Section 9.03.  In other words, those persons enumerated in Section 9.03 may, by contract, do that which is otherwise prohibited by Section 9.02.  Credit Counseling of Houston, Texas, does not fall within one of the exemptions contained within Section 9.03.

Credit Counseling of Houston, Texas, operates under the terms of the contract you have submitted with your opinion request. Construction of that contract, in light of the facts submitted in your letter, presents a close question for our determination.  We are, however, constrained to hold that the tenor and purpose of the contract, while ambiguous in some respects, does evidence an obligation on the part of Credit Counseling of Houston, Texas, to effect a distribution of money to the list of creditors submitted to it by the debtor.  This is part of that which is prohibited by contract under Section 9.02.

Neither the contract nor the facts submitted demonstrate that the debtor is required to deposit monies directly with Credit Counseling.  On the contrary, the contract requires the debtor to set up a bank account to which money is directed and from which, presumably, only the debtor can withdraw funds. However, we are further constrained to hold that the mere artifice of requiring, by contract, a debtor to deposit monies to one of the persons ordinarily exempt under Section 9.03 (a bank, in this instance) does not suffice to remove the contract of Credit Counseling from that express prohibition of Section 9.02.  It is the control over the debtor by persons other than those enumerated in Section 9.03 which we hold, under the contract and facts submitted, the Legislature intended to prohibit.  The contract, viewed in light of the facts submitted in your letter, illustrates that Credit Counseling, as a practical matter, effectively controls the income of the debtor to the same extend as where the debtor deposits money directly with and to the account of Credit Counseling.

The further prohibited requirement that the debtor pay valuable consideration for services rendered is contained in the contract and completely brings the contract of Credit Counseling

within the proscription of Section 9.02.

The scope of this opinion is limited to an analysis of the written contract and the facts submitted in your letter.

### S U M M A R Y

A contract between a debtor and a person not enumerated in Article 5069-9.03, wherein the person by said contract requires the debtor to set up a bank account from which disbursements to a list of creditors submitted to such person are made, and such person is, under the terms of that contract, obligated to work out a plan of disbursements to creditors, and the person receives valuable consideration for the arrangement of the plan of payment to the creditors of the debtor, is a debt pooling contract within the terms of Article 5069-9.02, V.C.S., and expressly prohibited thereby.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Rex H. White, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Co-Chairman
John H. Banks
Roger Tyler
Jim Swearingen
Jay Floyd
Ralph Rash

MEADE F. GRIFFIN
Staff Legal Assistant
NOLA WHITE
First Assistant
ALFRED WALKER
Executive Assistant